**NOT FOR PUBLICATION** **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AL-JANEER WALKER, | : | |
| Plaintiff, | : | Civil Action No. 06-5211(SRC) |
| v. | : | |
| | : | **OPINION** |
| LAWRENCE GLOVER, LAWRENCE FAUST, | : | |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

    **THIS MATTER** comes before the Court on three motions: (1) defendants' motion to vacate the default judgment entered against them (docket #24); (2) defendants' motion to dismiss the complaint based upon the pleadings (docket #24); and (3) plaintiff's motion for reconsideration of this Court's order denying his motion for summary judgment (docket #21). Plaintiff, who is appearing pro se, filed two responses in opposition to defendants' motion to vacate the default and dismiss the complaint (docket #26 and #29). Defendants initially filed a reply in support of their motions on November 9, 2007 (docket #28) and were granted leave to file a second reply (docket # 33) following plaintiff's second response. Without seeking leave, plaintiff filed a sur-reply to defendants' second response on December 13, 2007 (docket #34). The Court,

having considered the papers submitted, for the reasons set forth below, and for good cause shown, **GRANTS** defendants' motion to vacate the default judgment, **GRANTS** defendants' motion to dismiss the complaint **WITHOUT PREJUDICE** and **DENIES** plaintiff's motion for reconsideration.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Al-Janeer Walker initiated this action under 42 U.S.C. § 1983 in October 2006 (docket #1). He made the same allegations against both defendants (identified in his pleadings as the warden and director of the Essex County jail), namely that they "[f]ailed to secure policies and ordinary function of jail, to secure plaintiff's safety." (Docket #1 at 4, 5.) This is the only allegation contained in the complaint.

Defendants were served with process in December 2006 (docket #6, #7) and, after defendants failed to answer the complaint, plaintiff requested a default judgment (docket #16). A default judgment was entered in favor of plaintiff in August 2007.

II.  LEGAL ANALYSIS

A.   **Defendants' Motion to Vacate the Default Judgment**

The decision whether to vacate a default against a party lies within the Court's discretion. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). Entry of a default judgment is not favored and doubtful cases must be resolved in favor of the non-moving party. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In considering defendants' motion to vacate the default, this Court must consider: "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Sawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987). The question of prejudice, when determining whether to vacate a default, concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default judgment. Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 657 (3d Cir. 1982). The Court finds none of those factors present in this case. Plaintiff will not be prejudiced by merely having to litigate a matter he hoped to prevail on by default. Indeed, the law favors adjudicating cases on the merits. E.g., United States v. Skalsky, 71 F.R.D. 564, 567-68 (E.D. Pa. 1976), aff'd, 556 F.2d 570 (3d Cir. 1977).

Defendants have demonstrated excusable neglect for their failure to timely answer plaintiff's complaint under FED. R. CIV. P. 60 (b) (1). As outlined in their moving papers, defendants assert that they did not receive copies of the returned summonses in this case until almost one year after the complaint was filed. (Docket #24 at 4 of 11.) Defendants also stated that they (mistakenly) believed that their answer had been filed on January 19, 2007. (Docket #24 at 5 of 11.) Further, defendants' answer demonstrates that they may have meritorious defenses to plaintiff's claims. (Docket #24-2 at 13-25 of 37.) Nor does this Court find any evidence that entry of the default resulted from defendants' culpable conduct. To the contrary, it appears that the individual defendants were unaware they had been sued at the time the default was

entered.

After balancing the relevant factors, this Court finds that the default judgment entered against both defendants should be vacated.

### B. Defendants' Motion to Dismiss

42 U.S.C. §1983 confers a private right of action for damages and injunctive relief against state actors who deprive any citizen or person within the jurisdiction of the United States of "rights, privileges or immunities secured by the Constitution and laws." See, e.g., Monroe v. Paper, 365 U.S. 167 (1961). Here, defendants claim that plaintiff has not pled any facts demonstrating his entitlement to relief under Section 1983.

On a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only when the alleged facts stated in the complaint, if taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

4

(1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519 (1972).  Here, because plaintiff is pro se, this court construes his pleadings liberally.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).

Liberal construction, however, does not permit plaintiff to rely upon a complaint that is merely conclusory and fails to state a claim entitling plaintiff to relief.  The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement setting forth: (1) the grounds for which the court's jurisdiction depends, (2) the claim showing the pleader's entitlement of relief, (3) a demand for judgement for the relief sought by the pleader.  FED. R. CIV. P. 8(a).  The complaint must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Leatherman v. Tarrant County Narcotics Intel. and Coord. Unit, 507 U.S. 163, 168 (1993).  A "complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  Purveegiin v. York County Prison, No. 3:CV-06-0524 2007 U.S. Dist. LEXIS 6409, at *7 (M.D. Pa. Jan. 30, 2007); see also Duncan v. AT&T Comm., Inc., 668 F.Supp. 232, 234 (S.D.N.Y 1987).  The fact that plaintiff is proceeding pro se, while entitling him to a liberal construction of his pleadings, does not excuse him from

5

complying with the Federal Rules of Civil Procedure.  Purveegiin at *7.

Plaintiff's complaint merely states a legal conclusion without providing defendants with proper notice to respond.  This does not satisfy the mandate of FED. R. CIV. P. 8.  In some of his additional filings in this case, however, plaintiff asserted factual allegations that might withstand a motion to dismiss if presented properly.  Therefore, plaintiff's complaint will be dismissed without prejudice for failure to comply with Rule 8.  See Purveegiin at *7 (dismissing pro se complaint because pleading alleged that a wrong occurred, but did not plead any of the facts giving rise to injury, and therefore, did not provide adequate notice).  Plaintiff will have thirty (30) days from entry of the Order accompanying this Opinion in which to amend his complaint and cure the defects.

### C.     Plaintiff's Motion for Reconsideration

Plaintiff's motion for reconsideration of the denial of his summary judgment motion is denied as moot.  Because plaintiff's complaint has been dismissed without prejudice for failing to state a claim under which relief can be granted, he cannot be entitled to summary judgment based upon the record currently before this Court.

### III.    CONCLUSION

For the above-stated reasons, defendants' motion to vacate the default judgment entered against them (docket #24) is **GRANTED**.  Defendants' motion to dismiss plaintiff's complaint (docket#24) is **GRANTED WITHOUT PREJUDICE** and plaintiff shall have a period of thirty (30) days from the entry of the Order accompanying

this Opinion in which to cure the defects and file and amended complaint.  Plaintiff's motion for reconsideration of denial of his summary judgment motion (docket #21) is **DENIED**.  An appropriate Order accompanies this Opinion.

                                                                                                    s/ Stanley R. Chesler
                                                                                              Stanley R. Chesler, U.S.D.J.

Dated:  December 21, 2007