NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL JANEER WALKER,  :  :  Plaintiff,  :  :  v.  :  :  LAWRENCE GLOVER, et al.,  :  :  Defendants.  :  :  : | Civil Action No. 06-5211 (SRC)  **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss the Amended Complaint filed by Defendants Lawrence Glover and Scott Faunce (collectively "Defendants") [docket item # 50]. Pro se Plaintiff Al Janeer Walker ("Plaintiff" or "Walker") has opposed this motion. The Court has considered the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.

**I.     BACKGROUND**

This civil rights action arises from an alleged attack on pro se Plaintiff Walker by other inmates while he was incarcerated at the Essex County Jail. Walker initially filed his Complaint in this Court on October 31, 2006. The Complaint, asserting a cause of action under 42 U.S.C. §

1983, named two defendants: Lawrence Glover, identified as the Warden of the Essex County Jail and "Lawrence Faust," identified as the Director of the Essex County Jail. Its sole allegation stated that Walker's constitutional rights had been violated in that Defendants "failed to secure policies and ordinary function of jail, to secure plaintiffs [sic] safety." Defendants Glover and Faunce (who was improperly named as "Lawrence Faust" in the Complaint) delayed in responding to the Complaint, and upon Plaintiff's request, the Clerk entered default against each of them.

On October 18, 2007, Defendants filed a motion to vacate default and to dismiss the Complaint. The Court granted both aspects of the motion by Order dated December 21, 2007. In an Opinion of the same date, the Court reasoned that the Complaint was deficient for failure to satisfy the basic notice pleading requirement of Rule 8(a) [docket item no. 35.] The Court noted that although the Complaint merely stated a legal conclusion, other filings made by the pro se Plaintiff "asserted factual allegations that might withstand a motion to dismiss if presented properly."  Walker v. Glover, No. 06-5211, 2007 WL 4557652, at *3 (D.N.J. Dec. 21, 2007). The Court granted Plaintiff leave to file an amended complaint and attempt to cure the Complaint's defects.

Plaintiff filed the Amended Complaint on January 17, 2008.  Quite unlike Plaintiff's original pleading, the Amended Complaint contains detailed factual allegations, numbering 125 paragraphs, and purports to assert 13 causes of action.  It also names additional defendants "Officer Abdullah," "Officer James," and "Essex County Jail."[1]  The newly-named defendants have apparently not yet been served.

Based on the Amended Complaint, the facts of this case are as follows:

Walker was incarcerated at the Southern State Correctional Facility in Delmont, New Jersey.  On May 20, 2005, the Department of Corrections transferred Plaintiff to the Essex County Jail, so that Plaintiff could attend a scheduled appearance before the Superior Court of New Jersey at the Essex County Courthouse.  He was assigned to a bunk in Cell 430, Housing Unit 2E3.  Plaintiff alleges that Defendants Glover and Faunce knew, or should have known, that many members of the Bloods gang were also housed in that unit.  Plaintiff also alleges that Glover and Faunce knew, or should have known, that Plaintiff was reputed to be a member of the rival Crips gang, although Plaintiff adds that he has never been affiliated with the Crips.

The Amended Complaint alleges that on May 21, 2005, while Officer Abdullah was assigned to Unit 2E3, "members of the Bloods gang savagely beat the Plaintiff including the infliction of three [3] cuts on his left hand, a known gang trademark applied to victims of their attacks."  (¶ 13.)  The Amended Complaint further avers that Officer Abdullah knew that

---

[1] The Essex County Jail is not a "person" that may be sued under 42 U.S.C. § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); McLeod v. Monmouth County Correctional Institution, 2006 WL 572346, No. 05-4710 (AET) at * 4 (D.N.J. Mar. 8, 2006) (collecting cases holding county jail not an entity amenable to suit under § 1983).  Other than instances in which the Court is summarizing Plaintiff's claims, the Court will not consider "Essex County Jail" as one of the newly-named defendants in its analysis.

Plaintiff was going to be attacked and conspired with the gang members by opening cell 430 so that the Bloods gang members could enter the cell and beat Walker. (¶ 11-12.)  As a result of this attack, Walker "suffered serious bodily injury of a permanent nature, including but not limited to a broken nose, fractured eye sockets, three [3] cuts on his left hand as well as other physical and psychological injury."  (¶ 15.)

The Amended Complaint's first two counts are not numbered, and then later in the pleading, the numbering system applied by Plaintiff is inconsistent.  Therefore, for the sake of clarity, the Court will identify the causes of action pled and note the paragraphs that correspond to each cause of action.  Count One (¶¶ 9-27) alleges that Abdullah violated Plaintiff's constitutional rights by participating in the attack and by failing to report the attack to her supervisors.  Count Two (¶¶ 28-38) is directed at John Doe defendants, identified as Essex County Jail correctional officers working the 10:00 p.m. to 6:00 a.m. shift spanning May 21, 2005 to May 22, 2005.  It alleges that due to these officers' failure to follow the policy or rule that officers starting their shift must take a count of the inmates they are guarding, it was not discovered that Plaintiff was lying injured in his cell until approximately 16 hours after the alleged 3:00 p.m. attack on May 21.  Count Three (¶¶ 39-53) alleges that Glover knew or should have known about gang violence at the Essex County Jail but failed to take reasonable steps to prevent harm to Plaintiff.  It alleges that as a result of Glover's failure to implement rules and policies aimed at protecting inmates from gang violence, Plaintiff was attacked by the Bloods gang members on May 21, 2005.  A couple of the allegations under this count also assert that the attack occurred as a result of Glover's failure to provide adequate training to the jail staff.  Count Four (¶¶ 61-67) also alleges inadequate training for corrections officers and a disregard for rules

requiring the utilization of electronic surveillance to observe special risk inmates.  Count Five (¶¶ 68-89) alleges Faunce was aware of gang violence in the jail and knew or should have known of the danger of housing Plaintiff, a reputed Crip, in a unit with Bloods, yet failed to implement rules and policies to protect inmates, failed to train correctional officers adequately and failed to utilize electronic surveillance to observe special risk inmates.  Count Six (¶¶ 90-100) concerns two subsequent dates of incarceration at the Essex County Jail in connection with an appearance at the courthouse.  Plaintiff alleges that on June 21, 2005 and July 1, 2005 he was housed in the same unit in which the attack took place and that this assignment exhibited deliberate indifference by Glover and Faunce to the risk of serious harm to Plaintiff.  Plaintiff does not allege, however, that either of these instances of incarceration in the Essex County Jail's resulted in any injury or harm to Plaintiff.  Count Seven (¶¶ 101-105) alleges that the attack on Plaintiff occurred as a result of Officer Abdullah's malice, reckless disregard and willful and wanton conduct.  Count Eight (¶¶ 106-109) avers that  alleges that Glover, Faunce and the Essex County Jail failed to provide Officer Abdullah with adequate training and/or supervision.  Count Nine (¶¶ 110-113) alleges that Glover, Faunce and Essex County Jail failed "to provide adequate safety procedures."  Count Ten (¶¶ 114-116) attributes Plaintiff's continued pain, suffering and disability to the conduct of Glover, Faunce, Abdullah and Essex County Jail.  Count Eleven (¶¶ 117-119) avers that the conduct of Glover, Faunce, Abdullah and Essex County Jail has rendered Plaintiff permanently disabled and incapable of earning a living.  Count Twelve (¶¶ 120-122) pleads that Glover, Faunce, Abdullah and Essex County Jail are responsible for Plaintiff's past

and future medical expenses.  Count Thirteen (¶¶ 123-125) avers that Plaintiff has sustained severe physical pain as a result of the injuries sustained while under the care and protection of Glover, Faunce, Abdullah and Essex County Jail.

## II.  DISCUSSION

### A.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) only if it states plausible grounds for plaintiff's entitlement to the relief sought.  Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  Id. at 1965.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Walker is a *pro se* plaintiff.  As such, the Court will construe his pleadings liberally and to a less stringent standard than those pleadings filed by lawyers.  Haines v. Lerner, 404 U.S. 519, 520 (1972).

**B.** **Analysis**

The instant motion to dismiss turns on the timeliness of the claims asserted by Plaintiff in the Amended Complaint.  The Amended Complaint alleges, in general, that various officers employed by the Essex County Jail violated Plaintiff's constitutional rights while carrying out, or failing to carry out, their duties.  Plaintiff states that his rights under the First, Fourth, Eighth and Fourteenth Amendments have been violated, although as the discussion below will illustrate, the harms of which Plaintiff complains concern the due process guarantees of the Fourteenth Amendment.  One paragraph of the Amended Complaint also cites generally to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. ("Tort Claims Act") without specifying a provision under which Plaintiff seeks relief.

1. Plaintiff's Section 1983 Claims

The crux of this case lies in Plaintiff's claims under 42 U.S.C. § 1983, which provides for civil redress of a constitutional violation by a person acting under color of state law.  That statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

28 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color or state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The statute of limitations applicable to Plaintiff's § 1983 claim is New Jersey's statute of limitations for personal injury claims. Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). That statute provides that the claim must be filed within two years of the accrual of the cause of action. Id.; N.J.S.A. 2A:14-2. The parties do not dispute that any cognizable § 1983 claim would have accrued on May 21, 2005, the date of the incident described in the Amended Complaint. Defendants Glover and Faunce argue that while the original Complaint was filed within the limitations period, the claims asserted in the Amended Complaint are time-barred because one, the Amended Complaint was filed after the limitations period expired and two, the untimely claims cannot be salvaged by the relation-back rule. Indeed, the claims of the Amended Complaint, filed on January 17, 2008, would be time-barred but for the application of the relation-back rule.

Rule 15(c) of the Federal Rules of Civil Procedure sets forth the relation-back principle. It states that

> An amendment of a pleading relates back to the date of the original pleading when
>
> > (A) the law that provides the applicable statute of limitations allows relation back;

8

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1). "If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). The Third Circuit has held that the rule is intended to "ameliorate the harsh result of the strict application of the statute of limitations." Id. Under the relation-back doctrine, even claims that were not set forth in the initial pleading may be deemed to have been filed as of the date of the original pleading, so long as the original pleading provided the opposing party with sufficient notice of the claim. Doe v. O'Bannon, 91 F.R.D. 442, 447 (D.C. Pa. 1981); see also Farber v. Gen. Elec. Co., No. 93-2349, 1994 WL 46519, *3 (E.D.Pa. Feb. 16, 1994) ("If the amendment adds new legal theories of recovery based on the exact same facts as the original pleading, then the amendment clearly relates back"). Because both Defendants who move for dismissal of this action were named as defendants by the original Complaint, the Court need not address the requirements of relation-back under provision (c)(1)(C), which concerns amendments that

9

change or add parties to the lawsuit.[2]

The original Complaint in this action was quite conclusory. Reading it liberally, it seems to have asserted a claim for failure to protect Plaintiff in violation of his 14th Amendment due process rights. See DeShaney v. Winnebago County Dep't of Soc. Svcs., 489 U.S. 189, 200 (1989) (holding that while state typically does not have duty to protect a person against private violence, the due process clause imposes obligation to protect person once he or she is taken into custody by the state; Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982) (holding that individual who was involuntarily committed to state institution for mentally retarded had due process right to safe conditions of confinement). The Complaint did not, however, mention or reference a specific incident giving rise to the asserted cause of action. It alleged no facts whatsoever in support of the purported claim. Thus, the Court acknowledges that evaluating whether the claims asserted in the Amended Complaint arose out of the occurrence set forth, or attempted to be set forth, in the original pleading requires the Court to take a very generous approach to the original Complaint, if a harsh result from a strict application of the statute of limitations is to be avoided. The Court concludes that the relation-back rule and Third Circuit jurisprudence militate in favor of such an expansive reading of the original pleading.

---

[2] The Court notes that the newly-named Defendants, namely Officer Abdullah and Officer James, are not currently involved in this action, and the docket does not reflect that they have been served with process. The Court therefore makes no findings as to the viability of the claims of the Amended Complaint against these Defendants. Relation-back of the claim as to Officer Abdullah and Officer James would be subject to the notice requirements of Rule 15(c)(1)(C), which imposes the additional hurdle that the party not previously named by the original pleading must have known or should have known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C); see also Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001) (discussing the more rigorous requirements for relation back under Rule 15(c)(3), the former relation-back rule concerning amendments adding parties).

Counts Three, Four and Five of the Amended Complaint plead that by their actions or inaction, Glover and Faunce failed to protect Plaintiff from the inmate attack on May 21, 2005, in violation of his civil rights.  The May 21, 2005 incident is detailed throughout the Complaint, and indeed, all of the claims and allegations, except for those stated under Count Six, revolve around the May 21, 2005 alleged attack.  The congruence between the Complaint's attempt to assert what could be interpreted as a failure to protect claim and the Amended Complaint's connection of the May 21, 2005 incident to its stated failure to protect claims against these Defendants justifies the Court's interpretation of the original Complaint as attempting to set forth the May 21, 2005 occurrence.  This conclusion is bolstered by the liberal scrutiny to which pro se pleadings are subjected as well as this Court's express grant of permission to Plaintiff to file an Amended Complaint that pleads the facts allegedly giving rise to the wrong complained of.

Thus, according to the relation-back rule of 15(c)(1)(B), the claims of the Amended Complaint against Defendants Glover and Faunce arising out of the alleged May 21, 2005 attack on Plaintiff in his Essex County Jail cell clearly relate back to the date of the original filing, October 31, 2006, and thus survive Defendants' instant challenge to the claims as time-barred. The failure to protect claims asserted in Counts Three, Four and Five could reasonably be anticipated by Defendants based on the original pleading.  Though overly succinct for purposes of Rule 8, the original Complaint asserted that Glover and Faunce "failed to secure policies and ordinary function of jail, to secure plaintiffs [sic] safety."  The Amended Complaint does not allege that Glover and Faunce were directly involved in the wrongdoing but rather were liable based on their failure to train and supervise the correctional officers at the Essex County Jail and

11

to implement and follow policies intended to protect the inmates.  These section 1983 failure to protect claims appear to sound in a theory of supervisory liability.  <u>Sample v. Diecks</u>, 885 F.2d 1099, 1116-1118 (3d Cir. 1989).

Only one claim, asserted at Count Six of the Amended Complaint, concerns two other instances of Walker's incarceration at the Essex County Jail, specifically on June 21, 2005 and July 1, 2005.  Although the pleading suggests that no harm to Walker actually occurred on those other dates, even assuming that those instances of incarceration involved an actionable occurrence, those events would be separate and distinct from the May 21, 2005 incident.  Therefore, any purported claim set forth in Count Six of the Amended Complaint cannot relate back to the date the original Complaint was filed and is therefore time-barred as having accrued over two years before the Amended Complaint was filed.

The remainder of the claims asserted in the Amended Complaint against Glover and Faunce (Counts Eight through Thirteen) will not be dismissed as time-barred.   They appear to be mostly duplicative of the claims asserted in Counts Three, Four and Five.  Some seem to plead for certain kinds of relief without stating a separately cognizable cause of action.  The Court, however, rules only with respect to the arguments raised by Defendants in their motion to dismiss.

### 2. <u>New Jersey Tort Claims Act Claim</u>

Plaintiff's request for relief under the Tort Claims Act is not entirely clear.  Presumably, Plaintiff asserts a negligence claim against Defendants.  Glover and Faunce have moved for dismissal of the claim, for failure to state a claim upon which relief may be granted, and the

Court accordingly addresses their argument.

The Tort Claims Act immunizes public entities and employees from tort liability for any injury caused by a prisoner to another prisoner.  N.J.S.A. 59:5-2(b)(4).  The provision dealing with violence among inmates recognizes the "practical problems inherent in supervising prisoners and particularly in preventing injuries caused by one prisoner upon another."  White v. Lewis, 156 N.J. Super. 198, 201 (App. Div. 1978).  The New Jersey Appellate Division has held that it insulates a public employee from liability, "even if the employee is negligent or grossly negligent in carrying out what may be considered ministerial duties."  Id. at 202.

Plaintiff alleges that as a result of Defendants' failure to execute their duties properly, he was victimized in the May 21, 2005 attack by other inmates.  Under the plain language of the Tort Claims Act, no liability could attach to Defendants for the wrong alleged by Plaintiff.  Thus, to the extent the Amended Complaint attempts to assert a claim under the Tort Claims Act, that claim must be dismissed under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part Defendants' motion to dismiss.  An appropriate form of order will be filed together with this Opinion.

                                                    s/ Stanley R. Chesler
                                               STANLEY R. CHESLER
                                           United States District Judge

DATED: October 16, 2008