**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AL JANEER WALKER,** | : Civil Action No.: 06-5211 (SRC)(MAS) |
| **Plaintiff** | : **OPINION** |
| v. | : |
| **GLOVER, et al.,** | : |
| **Defendants.** | : |

This matter comes to the Court by way of Plaintiff Al Janeer Walker's Application for Pro Bono Counsel. (Docket Entry No. 60).

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claims have some merit in fact and law. Id. at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

1. The plaintiff's ability to present his or her own case;

2. The complexity of the legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. The amount a case is likely to turn on credibility determinations;

5. Whether the case will require the testimony of expert witnesses; and

1

6. Whether the plaintiff can obtain and afford counsel on his own behalf.

Id. (citing Tabron v. Grace, 6 F. 3d. 147, 155-56, 157 n. 5 (3d Cir 1993)). The list of factors identified in Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Id. at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F. 3d at 157.)

Analysis of the Tabron factors in this case reveals that appointment of pro bono counsel is not appropriate at this time. As a preliminary matter, the Honorable Claire Cecchi, U.S.M.J., denied Plaintiff's two previous Motions for Pro Bono Counsel on September 24, 2007, without prejudice to Plaintiff raising the issue again should circumstances change. (Docket Entry No. 22). In addition, the Honorable Michael A. Shipp, U.S.M.J., denied Plaintiff's third Motion for Pro Bono Counsel on March 3, 2008. (Docket Entry No. 51).

In the September 24, 2007 Order and the March 3, 2008 Order, the Court found that Plaintiff was able to articulate his legal claims, as well as the facts supporting such claims. In addition, the Court found that the legal issues appear to be fairly straightforward. While some factual investigation, such as obtaining certain prison records and other reports may be necessary, the Court found that it did not appear that Plaintiff would have any difficulty obtaining this information or other relevant evidence. Nor did the Court find a need for expert testimony.

In the present case, Plaintiff is well-able to articulate his legal claims. The legal issues in this case appear to be straightforward, although some factual investigation will be required. Plaintiff has stated, in his application for Pro Bono Counsel, that "Plaintiff has not yet identified an expert witness or witnesses at this time". Therefore, Plaintiff's need for an expert witness cannot be determined

from the information provided. Furthermore, Plaintiff has given no indication that circumstances have changed since his last request for Pro Bono Counsel was denied. Therefore, Plaintiff's application for appointment of counsel will be denied, without prejudice to the Plaintiff raising the issue again should circumstances change.

*/s/ Matthew* 1/21/09
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**